UNITED STATES v. FERGUSON.[1]

(Circuit Court, S. D. Alabama. December 23, 1892.)

1. EQUITY PLEADINGS—INFORMAL ANSWER.
   A literal denial in the answer of a material allegation in the bill is not to be deemed an admission, although on exception it might have been held insufficient.

2. SAME—EFFECT OF ANSWER.
   At a hearing on the pleadings, embracing bill, answer denying its material allegations, and replication reiterating the averments of the bill, the answer must be taken as true, and the bill will be dismissed.

In Equity. Submitted for decree on the pleadings. Bill dismissed.

M. D. Wickersham, U. S. Dist. Atty.
John R. & C. W. Tompkins, for defendant.

[1] Reported by Peter J. Hamilton, Esq., of the Mobile, Ala., bar.

TOULMIN, District Judge. A literal denial in the answer of a material allegation of the bill, although it might be held insufficient on exceptions, cannot be deemed an admission of the allegation. 1 Brick. Ala. Dig. 716. If a cause is heard on bill and answer alone, or upon bill, answer, and replication, the answer must be taken as true. 1 Brick. Ala. Dig. 739; Reynolds v. Bank, 112 U. S. 409, 5 Sup. Ct. Rep. 213; Story, Eq. Pl. 674; 1 Daniell, Ch. Pl. & Pr. 843, 845. This cause is heard on bill, answer, and replication, and is thereon, by consent of parties, submitted for a final decree.

The answer literally denies every material allegation of the bill, upon the truth of which allegations depends the complainants' right to the relief sought by them. The replication, in substance and effect, reiterates the allegations of the bill, and avers the power of complainants to prove and maintain the same. On the issue thus made, and the hearing had thereon, the court is of opinion that the complainants have failed to establish their right to relief. The bill will therefore be dismissed, at complainants' costs.